UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| NIKITA FOLTZ, et al., | : | CASE NO. 1:21-cv-01220 |
| | : | |
| Plaintiffs, | : | OPINION & ORDER |
| | : | [Resolving Doc. 11] |
| v. | : | |
| | : | |
| MATTHEW VENTURA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiffs Nikita Foltz and Kathy Foltz (collectively, "Plaintiffs") filed this civil rights action under 42 U.S.C. § 1983 against Defendants Matthew Ventura and Medina Township.[1] Plaintiffs move for an award of service costs and reasonable attorney fees pursuant to Fed. R. Civ. P. 4(d)(2).[2] Defendants oppose.[3]

In ruling upon this motion, the Court decides whether a defendant who refuses to waive more formalized service of process should pay the costs resulting from that refusal. The Court finds that Defendant Medina Township should pay the service costs and associated attorney fees.

For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion for service costs and attorney fees.

---

[1] Doc. 1.
[2] Doc. 11; Fed. R. Civ. P. 4(d)(2).
[3] Doc. 12.

Case No. 1:21-cv-01220
GWIN, J.

I. Background

Plaintiffs Nikita and Kathy Foltz sued Defendants Matthew Ventura and Medina Township for constitutional rights violations and pendant state law violations.[4] With their complaint, Plaintiffs allege that in June 2019, Nikita Foltz suffered from a psychotic break and Emergency Medical Services were called to her home. Paramedics administered Ketamine.

Matthew Ventura, an officer with the Medina Township Police Department, arrived on the scene. Plaintiffs claim Defendant Ventura tasered Nikita three times, handcuffed Nikita, placed his foot on Nikita's buttocks while she was on the ground, winked at Nikita, and made a kissy face toward Nikita. Kathy Foltz, Nikita's mother, allegedly witnessed these events.

This case was filed on June 22, 2021.[5] On the same day, Plaintiffs mailed two copies of the waiver of service of summons form, notice of lawsuit form, and a prepaid means of returning the forms to the Medina Township Offices.[6] On July 16, 2021, Defendants filed an answer and raised failure of service as a defense.[7] On July 19, 2021, Plaintiffs requested another waiver of service from Defendants.[8] On July 30, 2021, Plaintiffs served Defendants at the Medina Township Police Department.[9]

Plaintiffs now move for service costs and reasonable attorney fees pursuant to Fed. R. Civ. P. 4(d)(2).[10] Defendant Ventura responds that he has not been served.[11] The waiver of

---

[4] Doc. 1.
[5] *Id.*
[6] Doc. 11 at 2–3; Doc. 11-1.
[7] Doc. 4 at ¶ 39.
[8] Doc. 11 at 2; Doc 11-3.
[9] Doc. 6; Doc. 6-1.
[10] Doc. 11; Fed. R. Civ. P. 4(d)(2).
[11] Doc. 12.

- 2 -

Case No. 1:21-cv-01220
GWIN, J.

service of summons forms were mailed to the Medina Township Offices and the summons was left at the Medina Township Police Department.[12] Defendant Ventura is on administrative leave and has not been on duty at the Department for many months.[13]

## II. Discussion

Under Rule 4(d) of the Federal Rules of Civil Procedure an individual, corporation, or association that is subject to service "has a duty to avoid unnecessary expenses of serving a summons."[14] Therefore, if a defendant fails—without good cause—to sign and return a waiver requested by a plaintiff, the court must impose service costs and reasonable expenses upon the defendant.[15] To recover costs, a "plaintiff must make a sufficient showing that he or she satisfactorily complied with Rule 4(d)(1)'s procedural requirements."[16]

Rule 4(d)(1) requires the waiver notice and request to: (1) be in writing and addressed to the individual defendant, or an officer, managing, or general agent authorized to receive service; (2) name the court where the complaint is filed; (3) be accompanied by a copy of the complaint, two copies of the waiver form appended to Rule 4, and a prepaid means for returning the form; (4) inform the defendant of the consequences of waiving and not waiving service; (5) state the date the request is sent; (6) give the defendant a reasonable time of at least thirty days after the request was sent to return the waiver; and (7) be sent by first-class mail or other reliable means.[17]

---

[12] Doc. 11 at 2.
[13] Doc. 12.
[14] Fed. R. Civ. P. 4(d)(1).
[15] Fed. R. Civ. P. 4(d)(2).
[16] *Beaver v. Eastland Mall Holdings, LLC*, No. 2:20-CV-485, 2021 WL 1084610, at *4 (S.D. Ohio Mar. 22, 2021) (internal citations omitted).
[17] *Kendell v. Shanklin*, No. 2:20-CV-985, 2020 WL 7389331, at *4 (S.D. Ohio Dec. 16, 2020); Fed. R. Civ. P. 4(d)(1).

Case No. 1:21-cv-01220
GWIN, J.

Plaintiffs have satisfied these requirements only as to Defendant Medina Township.

Plaintiffs mailed the waiver request and accompanying documents to the Medina Township Offices.[18] While this is sufficient as to Defendant Medina Township, it is not as to Defendant Ventura. At the time Plaintiffs requested service waiver, Defendant Ventura was on administrative leave. Plaintiffs give no evidence that Ventura received the waiver request.[19] Plaintiffs therefore fail to meet their burden under Rule 4(d) with respect to Defendant Ventura.

To this date, it remains unclear whether Plaintiffs have served Ventura.

Plaintiffs request $80.06 in service costs and $1,433.66 in attorney fees and costs.[20] The Court assumes Plaintiffs seek $716.83 in attorney fees and costs per Defendant.[21] As Plaintiffs have only shown they are entitled to fees and costs from Defendant Medina Township, Medina Township is ordered to pay Plaintiffs $80.06 in service costs and $716.83 in attorney fees and costs. Such an award is reasonable and consistent with what other courts grant in similar circumstances.[22]

## III. Conclusion

For the foregoing reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion for service costs and attorney fees. Defendant Medina Township is **ORDERED** to pay Plaintiffs $80.06 in service costs and $716.83 in attorney fees and costs for a total award of $796.89.

---

[18] Doc. 11 at 2–3; Doc. 11-1.
[19] *See Kendell*, 2020 WL 7389331 at *5 (holding that the plaintiff was required to provide evidence that the defendant received waiver documents, or at a minimum, to explain that the other defendant's signature is sufficient).
[20] Doc. 11-4 (Invoice for Process Server); Doc. 11-5 (Affidavit for Attorney Fees and Costs).
[21] *See Kendell*, 2020 WL 7389331 at *5 (dividing the requested attorney fees by the number of defendants to determine the amount of fees to award when Plaintiff was only entitled to fees from one Defendant).
[22] *See id.* (approving attorney's $350 hourly rate and $565.63 total award associated with Rule 4(d) motion).

- 4 -

Case No. 1:21-cv-01220
GWIN, J.

    IT IS SO ORDERED.

Dated: October 22, 2021                        *s/     James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE